UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2003 DEC 10 P 12: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SHARRON WILKINSON, LORI BISHOP and BRUCE DORAIS,<br>Plaintiffs,<br><br>v.<br><br>I-FLOW CORPORATION,<br>Defendant | CIVIL ACTION NO.<br><br>03-40276 |

## NOTICE OF REMOVAL

The defendant, I-Flow Corporation ("I-Flow"), hereby notices the removal of the following described action from the Superior Court Department of Worcester County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. I-Flow respectfully submits the following grounds for removal:

I.

The plaintiffs, Sharron Wilkinson, Lori Bishop and Bruce Dorais ("the plaintiffs") filed suit against I-Flow on October 31, 2003, in a suit entitled <u>Sharron Wilkinson, Lori Bishop and Bruce Dorais v. I-Flow Corporation</u>, Civil Action No.: WOCV2003-02112B, in the Superior Court Department of Worcester County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiff's Complaint ("Complaint") is attached hereto as Exhibit A.

II.

I-Flow was served with a copy of the Complaint and Summons on November 25, 2003. I-Flow has not yet filed an Answer to the Complaint. I-Flow has not received any other pleadings or orders in the State Court action. To I-Flow's knowledge, with the exception of the

21300.1

FILING FEE PAID: 404231
RECEIPT #
AMOUNT $ 150.00
BY DPTY CLK
DATE 12-10-03

filing of the plaintiffs' Complaint, there have been no further proceedings in the State Court action.

### III.

I-Flow was served with a copy of the Complaint on November 25, 2003, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

### IV.

The Complaint seeks an unspecified amount of damages from I-Flow for personal injuries, which allegedly resulted from a defective I-Flow product, "On-Q" pain management system. While the plaintiffs have not specified the amount of the damages that they are seeking, according the Civil Action Cover Sheets, Sharron Wilkinson reportedly incurred $47,000 in medical expenses, Lori Bishop reportedly incurred $60,000 in medical expenses and Bruce Dorais reportedly incurred $60,000 in medical expenses. The plaintiffs seek damages from I-Flow based on theories of breach of implied warranty. The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A. I-Flow denies that the "On-Q" pain management system was defective and that it is liable for the plaintiffs' alleged injuries. I-Flow further states that it has valid defenses to the allegations against it in the plaintiffs' Complaint.

### V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

### VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Massachusetts, residing in the Town of Winchendon, County of Worcester, Commonwealth of Massachusetts. I-Flow is a

corporation duly organized and existing under the laws of California, with a principal place of business in Lake Forest, California. The amount in controversy, in the event that the plaintiffs were to prevail on their claims, exceeds $75,000, jointly or severally, exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

VIII.

I-Flow is the only defendant in this matter.

IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

X.

I-Flow appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

XI.

Promptly after filing this Notice of Removal of the State Court action, I-Flow will give written notice of such filing to the plaintiffs and will file a copy of the Notice of Removal with

the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, I-Flow Corporation, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this _9th_ day of _December_, 2003.

Respectfully Submitted,
I-Flow Corporation,
By its attorneys,

Maynard M. Kirpalani, BBO# 273940
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman &
    Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this _9th_ day of _December_, 2003, served a copy of the foregoing upon all counsel of record by mailing same postage prepaid.

Christopher P. Flanagan

4

21300.1

EXHIBIT A

21298.1

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                          SUPERIOR COURT
                                                        03 2112B

SHARRON WILKINSON,
LORI BISHOP and
BRUCE DORAIS
      *Plaintiffs*                              **CIVIL COMPLAINT**

v.

I-FLOW CORPORATION
      *Defendant*

1. Sharron Wilkinson ("Wilkinson") is an individual who resides at 63 High Street, Winchendon, MA 01475.

2. Lori Bishop ("Bishop") is an individual who resides at 15 Windsor Road, Winchendon, MA 01475.

3. Bruce Dorais ("Dorais") is an individual who resides at 275 Spring Street, Winchendon, MA 01475.

4. I-Flow Corporation ("I-Flow") is a corporation with its principle place of business at 20202 Windrow Drive, Lake Forest, California 92630.

5. All plaintiffs had undergone foot surgery at various times at Henry Heywood Hospital in Gardner, Massachusetts.

6. The defendant, I-Flow manufactures a product for the control of pain.

7. All plaintiffs were outfitted with the defendant's product after surgery.

8. All plaintiffs contracted a serious infection causing substantial bodily injury as a result of the use of the defendant's product.

## COUNT I – SHARRON WILKINSON

9. Plaintiff Wilkinson reasserts all previous paragraphs.

10. Plaintiff Wilkinson underwent foot surgery on or about November 3, 2000.

11. Plaintiff's surgeon inserted defendant I-Flow's "On-Q" pain management system into the plaintiff's foot to control pain.

12. Defendant's product was defective in that it was contaminated, adulterated, and non-sterile.

13. As a result of the defendant's product, Wilkinson suffered serious injury.

14. The defendant's product breached its warrantees to the plaintiff Wilkinson.

WHEREFORE the plaintiff demands judgment against defendant I-Flow.

## COUNT II – LORI BISHOP

15. Plaintiff Bishop reasserts all previous paragraphs.

16. Plaintiff Bishop underwent foot surgery on or about March 28, 2001.

17. Plaintiff's surgeon inserted defendant I-Flow's "On-Q" pain management system into the plaintiff's foot to control pain.

18. Defendant's product was defective in that it was contaminated, adulterated, and non-sterile.

19. As a result of the defendant's product, Bishop suffered serious injury.

20. The defendant's product breached its warrantees to the plaintiff Bishop.

WHEREFORE the plaintiff demands judgment against defendant I-Flow.

## COUNT III - BRUCE DORAIS

21. Plaintiff Dorais reasserts all previous paragraphs.

22. Plaintiff Dorais underwent foot surgery on or about March 28, 2001.

23. Plaintiff's surgeon inserted defendant I-Flow's "On-Q" pain management system into the plaintiff's foot to control pain.

24. Defendant's product was defective in that it was contaminated, adulterated, and non-sterile.

25. As a result of the defendant's product, Dorais suffered serious injury.

26. The defendant's product breached its warrantees to the plaintiff Dorais.

WHEREFORE the plaintiff demands judgment against defendant I-Flow.

SHARRON WILKINSON,
LORI BISHOP and
BRUCE DORAIS
By their attorney,

Nathaniel D. Pitnof
BBO# 400660
250 Commercial Street, Suite 420
Worcester, MA 01608
(508) 757-3000

ALL PLAINTIFFS CLAIM A TRIAL BY JURY

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 2113 B | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)** Bruce Dorais

**DEFENDANT(S)** I-Flow Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 508-757-3000
Nathaniel Pitnof
20 Commercial St, Worc 01608
Board of Bar Overseers number: 400260

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| | | ( ) | ( ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $60,000
2. Total Doctor expenses ... $
3. Total chiropractic expenses ... $
4. Total physical therapy expenses ... $
5. Total other expenses (describe) ... $
   Subtotal $60,000
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Extensive deterioration and damage to foot from defendants contaminated medical device, causing permanent damage

TOTAL $60,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 10/31/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | 03 2112 B | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) Lori Bishop | DEFENDANT(S) I-Flow Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-757-3000 Nathaniel Pitnof 250 Commercial St, Worcester 01608 Board of Bar Overseers number: 400660 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| | | ( ) | ( ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date: .................................................. $ 60,000
   1. Total hospital expenses .................................................. $
   2. Total Doctor expenses .................................................. $
   3. Total chiropractic expenses .................................................. $
   4. Total physical therapy expenses .................................................. $
   5. Total other expenses (describe) .................................................. $
   Subtotal $ 60,000
B. Documented lost wages and compensation to date .................................................. $
C. Documented property damages to date .................................................. $
D. Reasonably anticipated future medical and hospital expenses .................................................. $
E. Reasonably anticipated lost wages .................................................. $
F. Other documented items of damages (describe) .................................................. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Extensive deterioration and damage to foot from defendants contaminated medical device causing permanent damage.

TOTAL $ 60,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 10/31/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 03 2112B | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) Sharron Wilkinson | DEFENDANT(S) I-FLOW Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-757-3000 Nathaniel Pitnof 250 Commercial Street, Worc 01608 Board of Bar Overseers number: 400660 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| ____ | _____ | ( ) | ( ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:                                                      $ 47,000
   1. Total hospital expenses ............................................. $ .........
   2. Total Doctor expenses .............................................. $ .........
   3. Total chiropractic expenses ........................................ $ .........
   4. Total physical therapy expenses ................................... $ .........
   5. Total other expenses (describe) ................................... Subtotal $ 47,000
B. Documented lost wages and compensation to date ................ $ .........
C. Documented property damages to date ............................... $ .........
D. Reasonably anticipated future medical and hospital expenses ... $ .........
E. Reasonably anticipated lost wages ................................... $ .........
F. Other documented items of damages (describe)                             $ .........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Extensive deterioration and damage to foot from defendant's contaminated medical device, causing permanent injury.
                                                                                    TOTAL $ 47,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                                    TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        DATE: 10/31/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

EXHIBIT B
ALL COUNSEL OF RECORD

1. COUNSEL FOR PLAINTIFFS, SHARRON WILKINSON, LORI BISHOP AND BRUCE DORAIS:

   Nathaniel D. Pitnof, BBO# 400660
   250 Commercial Street
   Worcester, MA 01608
   (508) 757-3000

2. COUNSEL FOR DEFENDANT, I-FLOW CORPORATION:

   Maynard M. Kirpalani, BBO# 273940
   Christopher P. Flanagan, BBO# 567075
   Wilson, Elser, Moskowitz, Edelman & Dicker LLP
   155 Federal Street
   Boston, MA 02110
   (617) 422-5300

21298.1

## EXHIBIT C
## MATTERS FILED WITH NOTICE OF REMOVAL

1.   Plaintiff's Complaint.

21297.1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sharron Wilkinson
Lori Bishop
Bruce Dorais

**DEFENDANTS**
I-Flow Corporation

(b) County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nathaniel D. Pitnof, BBO#400660
250 Commercial Street, Suite 420
Worcester, MA 01608 (508) 757-3000

Attorneys (If Known)
Maynard M. Kirpalani, BBO#273949
Christopher P. Flanagan, BBO#567075
Wilson, Elser, Moskowitz, Edelman, et al
155 Federal St., Boston, MA 02110
617-422-5300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 diversity. The plaintiffs are citizens of Massachusetts and the defendant is a corporation, which was not incorporated and does not have its principal place of business in Massachusetts.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **NONE**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 12/9/03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __SHARRON WILKINSON, ET AL. v. I-FLOW CORPORATION__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, <u>365,</u> 370, 371, 380, 385, 450, 891.

   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [X]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Maynard M. Kirpalani/Christopher P. Flanagan__
                 Wilson, Elser, Moskowitz, Edelman & Dicker LLP
ADDRESS __155 Federal Street, Boston, MA 02110__
TELEPHONE NO. __(617) 422-5300__

(Coversheetlocal.wpd - 10/17/02)